**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq. SBN 269170
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 477-9200
agraff@wrightlegal.net

Attorneys for Movant, Derik Lewis, Trustee of the Vantis Law Firm, a Professional Law Corporation Defined Benefit Pension Plan as to an undivided 440,000/440,000 interest

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br><br>KATHRYN JEAN NUSRATTY,<br><br><br>Debtor. | ) Case No.: 24-41486-WJL<br>) Chapter: 13<br>) R.S. No. ALG-1<br>)<br>) **MOTION FOR RELIEF FROM THE**<br>) **AUTOMATIC STAY PURSUANT TO 11**<br>) **U.S.C. § 362(d)(1) and § 362(d)(4) (REAL**<br>) **PROPERTY)**<br>)<br>) <u>HEARING</u>:<br>) Date:  October 16, 2024<br>) Time:  9:30 am<br>) Judge: Honorable William J. Lafferty, III<br>) Crtrm: 220<br>) Place:  United States Bankruptcy Court<br>)      1300 Clay Street<br>)      Oakland, CA 94612<br>)<br>) |

DERIK LEWIS, TRUSTEE OF THE VANTIS LAW FIRM, A PROFESSIONAL LAW CORPORATION DEFINED BENEFIT PENSION PLAN AS TO AN UNDIVIDED 440,000/440,000 INTEREST ("Movant" or "Creditor") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d)(1) and § 362(d)(4), as to the real property located at 2531 Heide Court, El Sobrante, CA 94803 (the "Property").

1

Case: 24-41486   Doc# 15   Filed: 10/01/24   Entered: 10/01/24 14:19:59   Page 1 of 4

This Motion is based on these moving papers, the Relief from Stay Information Sheet/Coversheet, the attached Declaration of Richard Bustamente ("Bustamente Dec."), the Memorandum, and the pleadings and records on file with this Court.

Bad Faith Bankruptcy Filing

Grounds clearly exist to terminate the automatic stay for cause under 11 U.S.C. 362(d)(1) and (d)(4). This new bankruptcy commenced with just a skeletal petition despite Debtor already being in bankruptcy for the past 7 months (with said case still pending), and with no payments being made to Movant at all during the First Bankruptcy. Based on the schedules filed and the representations made in Debtor's First Bankruptcy, Debtor lacks regular income to even afford to make adequate protection payments to Movant's on its secured, fully matured claim. Again, Debtor already had 7 months to try to sell the Property in the First Bankruptcy without making any payments, despite Movant obtaining a recent verified appraisal showing no equity in the Property, especially when the inevitable costs of sale are considered. Nevertheless, despite failing to sell the Property in those 7 months, Debtor sought to voluntarily dismissed the First Bankruptcy just before Movant was to obtain stay relief, just so she could start this new bankruptcy with a skeletal petition -- to try to also thwart Movant's most recently scheduled foreclosure sale. Again, Debtor lacks income to make payments and already had an agent trying to sell the Property for many months with no success. As such, Debtor has clearly filed this new case as part of a bad faith scheme (along with the prior case) designed to further delay and prevent Movant from finally proceeding with its state law remedies, despite there being very little to no equity in the Property. As such, stay relief is warranted and respectfully requested under 11 U.S.C. 362(d)(1) and (d)(4).

/././

/././

Case: 24-41486    Doc# 15    Filed: 10/01/24    Entered: 10/01/24 14:19:59    Page 2 of 4

Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)(Real Property)

<u>.Bankruptcy Rule 4001(a)(3) Should Be Waived</u>

There is also cause to waive any waiting period that may be imposed by Bankruptcy Rule 4001(a)(3). Since the loan has matured and there is a very large default on Movant's claim, and Debtor has now filed successive bad faith bankruptcy cases, there is no reason to allow for an additional waiting period after entry of a relief order. The debtor already had 7 months in bankruptcy try to sell the Property in her First Bankruptcy (while making no payments whatsoever to Movant), and this case was commenced with a skeletal petition just before Movant was to obtain stay relief in the First Bankruptcy. There is clearly no equity in the Property based on Movant's verified appraisal and Debtor's failure to sell the Property despite months of attempting to do so. As such, this latest case was clearly filed as part of a bad faith scheme to delay, hinder and/or defraud Movant (and other creditors) from proceeding with their state law remedies regarding the Property, which scheme has included multiple successive bankruptcy filings. As such, it would not be equitable to allow this type of behavior to continue at the expense of Movant, so grounds exist to also waive the 14-day stay.

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to prosecute an unlawful detainer action and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Relief from the stay is granted under 11 U.S.C. § 362(d)(4): if recorded in compliance with applicable state laws governing notices of interests or liens in real property, the

3

Case: 24-41486     Doc# 15     Filed: 10/01/24     Entered: 10/01/24 14:19:59     Page 3 of 4

order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing; and

4. That the order be binding in any and all chapters following any subsequent conversion of this case under a different chapter of Title 11 of the United States Code, unless a specific exception has been provided herein; and;

5. Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: October 1, 2024

By: ___/s/ *Arnold L. Graff*___
Arnold L. Graff., Esq.
Attorney for Movant.

4

Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)(Real Property)